IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                        Petitioner,

v.                                                           CASE NO. 23-3191-JWL

UNITED STATES OF AMERICA,

                        Respondent.

## **MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of mandamus and prohibition filed by Petitioner and state prisoner Anthony Leroy Davis.[1] (Doc. 1.) Petitioner has neither filed a motion to proceed without prepayment of fees nor paid the statutorily required filing fee.

Petitioner is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) because court records fully establish that he "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2] Accordingly, Petitioner may proceed without prepayment of fees only if he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (establishing rules for person with three strikes to "bring a civil action under this section"); *see also Green v. Nottingham*, 90

---

[1] Liberally construing the documents because Petitioner proceeds pro se, Petitioner challenges the Court's rulings in previous cases and seeks an order directing the Clerk's Office to file his motions brought under 28 U.S.C. § 2255. At the Court's direction, the Clerk's Office returned the previously submitted motions to Petitioner without filing them, explaining in an attached memorandum that relief under § 2255 is available only to prisoners serving a federal sentence and motions seeking such relief are filed in the movant's federal criminal case. *See* 28 U.S.C. § 2255(a) (available to "[a] prisoner in custody under sentence of a court established by Act of Congress"). Petitioner is serving a sentence imposed by a *state* court, not a *federal* court, and he has no federal criminal case in which a § 2255 motion could be properly filed. *See, e.g., Davis v. Kobach*, Case No. 23-3124-JWL, 2023 WL 3933734, *1 n.3 (D. Kan. June 9, 2023) (unpublished). The

[2] *See Davis v. Bacon*, 234 F. Appx. 872, 874 (10th Cir. 2007) (dismissing Plaintiff's appeal as frivolous and finding Plaintiff now has three qualifying strikes under 28 U.S.C. § 1915(g)).

F.3d 415, 418 (10th Cir. 1996) ("[P]etitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915").

The Court has examined the documents filed by Petitioner in this matter and finds no showing that he is under imminent danger of serious physical injury. Rather, Petitioner wishes to challenge rulings this Court has made in previous cases and he wishes the Court to order the Clerk's Office to file the motions he submits seeking relief under 28 U.S.C. § 2255. Accordingly, pursuant to § 1915(g), Petitioner may not proceed in forma pauperis in this civil action. He is given time to pay the full $402.00[3] district court filing fee to the Court. If he fails to pay the full fee within the prescribed time, this matter will be dismissed without further prior notice to Petitioner based upon his failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

Petitioner has also filed a motion to appoint counsel. (Doc. 2.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's

---

[3] If a person is not granted leave to proceed under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) Petitioner has not yet paid the statutorily required filing fee, (2) his claims in this matter consist only of arguments the Court has previously rejected in other cases, and (3) the claims do not appear to require additional factual investigation of the presentation of additional legal arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Doc. 2) is **denied without prejudice**. Petitioner may refile the motion if the material circumstances change.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including September 11, 2023, to submit the $402.00 filing fee. The failure to submit the fee on or before that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED.**

DATED:   This 10th day of August, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge