## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

**Petitioner,**

**v.**                                                    **CASE NO. 23-3191-JWL**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM AND ORDER

This mandamus action comes before the Court on Petitioner's latest pro se filings, which the Court has carefully reviewed and liberally construed. Petitioner's motion for service (Doc. 20), will be denied because Petitioner has not yet paid the statutorily required filing fee in this matter. The "motion signing pleading, and other papers, orders, and representations to the courts, sanctions [*sic*]" (Doc. 21) will be denied because, as previously explained to Petitioner, he is not entitled to file a motion in this Court seeking relief under 28 U.S.C. § 2255. The "motion, notice of hearing' [*sic*]" (Doc. 22) will be denied because Petitioner seeks entry of an objection on a federal criminal docket, but Petitioner has no federal criminal case. In addition, to the extent that this filing purports to notice a hearing or direct another party to file a responsive pleading, it is improper and unauthorized.

The motion to appoint counsel (Doc. 23) is identical to the previously denied second motion to appoint counsel (Doc. 12) and is substantively identical to the previously denied first motion to appoint counsel (Doc. 2). It will be denied for the reasons given in the order denying the initial motion to appoint counsel. (Doc. 4.) Similarly, the "summons notice motion for objections transcript [*sic*]" (Doc. 25) is identical to an already denied motion (Doc. 17) and is denied for the

1

reasons given for the initial denial. (Doc. 19.)

Three of Petitioner's filings (Docs. 28, 31, and 32) seek leave to file in this matter a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that would replace the petition for writ of mandamus. Local Rule 15.1(a) requires "[a] party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must: . . . (2) attach the proposed pleading or other document." Petitioner has not attached a proposed petition to the "notice and motion for leave to file amended petition, relation back of amendments, and a supplemental pleading [*sic*]" (Doc. 28), so it will be denied for failure to comply with local rules.

Petitioner's "motion for leave to file: application for writ of habeas corpus petition 2241 [*sic*]" (Doc. 31) includes the required proposed petition, which is on the required court-approved form for seeking relief under 28 U.S.C. § 2241. *Id.* at 3. However, even liberally construing the proposed petition, it seeks relief not available under § 2241. Rather, it seeks to "amend/supplement original 2254 case [*sic*]" and challenge the jurisdiction of the state court to convict him and impose sentence in 1989. *Id.* at 4. The sole ground for relief asserted in the proposed petition is:

> Respondents district lacked jurisdiction to enter this judgment or sentence, id. and den[y]ing him the right to file his federal motion requiring him to pay a habeas fee corpus "filing" would unconstitutionally deprive him of his right to access and too petition the Government for a redress of his "state" grievance forms for inmates in the courts. [*sic*]

*Id.* at 9.

To the extent that Petitioner's reference to "den[y]ing him the right to file his federal motion" refers to Petitioner's unsuccessful attempts to file in this Court a motion seeking relief under 28 U.S.C. § 2255, the Court has repeatedly explained to Petitioner that such relief is not available to him since he is not serving a federal sentence. Such motions cannot be filed because, simply put, they must be filed in the related federal criminal case and Petitioner has no federal

criminal case. This Court cannot file documents in state criminal cases.

To the extent that Petitioner alleges that the state district court lacked jurisdiction over him in his 1989 criminal proceedings, he does not state a claim for relief under 28 U.S.C. § 2241. As Petitioner has been informed for nearly 8 years,[1] federal challenges to the validity or constitutionality of state-court convictions arise only under § 2254 and are not a plausible claim for relief under § 2241. Reframing a jurisdictional challenge to a conviction and sentence as one that attacks the "execution of a sentence," as Petitioner does, does not convert it from a § 2254 challenge to one that may be brought under § 2241.

In addition, any § 2254 challenges to Petitioner's 1989 convictions are second or successive petitions that require the Tenth Circuit's authorization to file in this Court. *See Davis v. Parkinson, et al.*, Case No. 10-cv-3136-SAC (dismissed on Sept. 22, 2010 for lack of jurisdiction as unauthorized second or successive § 2254 petition challenging 1989 convictions). Petitioner has not obtained such authorization. Because the proposed § 2241 petition fails to state a claim for relief that is available under § 2241, it would be immediately subject to dismissal. Even if the Court construed the proposed petition as seeking relief under § 2254, it would be immediately subject to dismissal as an unauthorized successive petition. Thus, the motion for leave to amend (Doc. 31) will be denied. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (when a request to amend a petition seeks to add only a claim that would be subject to dismissal, the request to amend may be denied as futile).

Petitioner's final motion for leave to file a § 2241 petition in this matter (Doc. 32) suffers

---

[1] *See, e.g.*, *Davis v. Kobach*, Case No. 23-3124-JWL, 2023 WL 3933734 (D. Kan. June 9, 2023) (unpublished); *Davis v. Kansas*, Case No. 23-3084-JWL, 2023 WL 3177910 (D. Kan. May 1, 2023) (unpublished); *Davis v. Kobach*, Case No. 23-3060-JWL, 2023 WL 2375111 (D. Kan. Mar. 6, 2023) (unpublished); *Davis v. Kobach*, Case No. 23-3052-JWL, 2023 WL 2242100 (D. Kan. Feb. 27, 2023) (unpublished); *Davis v. Schnurr*, Case No. 20-3269-SAC, 2022 WL 2290530 (D. Kan. June 24, 2022); *Davis v. Perkins*, Case No. 16-3078-SAC, 2016 WL 3855552 (D. Kan. July 15, 2016) (unpublished); *Davis v. Brownback*, Case No. 14-3144-SAC-DJW, 2015 WL 12912369 (D. Kan. Oct. 13, 2015) (unpublished).

the same deficiencies. It is largely identical to the proposed § 2241 petition discussed above, except that instead of the 1989 state-court convictions and sentence, this petition challenges the state court's jurisdiction to criminally convict Petitioner in 2017 and impose sentence on that conviction in 2018. *Id.* at 3, 8-9. It also asserts constitutional violations during the criminal proceedings. *Id.* at 8-9. As already explained, these are not challenges properly brought under § 2241 and therefore the proposed petition fails to state a valid claim for relief under § 2241. Rather, Petitioner's claims are of the type that arise only under § 2254.

But Petitioner has already brought a § 2254 challenge to these state-court proceedings as well; this Court denied relief on the merits of the petition and the Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal. *See Davis v. Schnurr*, Case No. 22-3131, 2022 WL 17175571 (10th Cir. Nov. 23, 2022) (unpublished); *Davis v. Schnurr*, Case No. 20-3269-SAC, 2022 WL 2116294 (D. Kan. June 13, 2022) (unpublished). Thus, any challenges to the conviction and imposition of sentence are second or successive and Petitioner must obtain authorization from the Tenth Circuit before filing them in this Court. He has not done so. As such, whether taken as a petition brought under § 2241 or construed as one seeking relief under § 2254, the proposed petition would be immediately subject to dismissal. Thus, the motion to amend (Doc. 32) will be denied as futile.

This conclusion leads the Court also to deny Petitioner's motion for leave to proceed in forma pauperis (Doc. 24), which seeks to recharacterize this matter as a petition for writ of habeas corpus, to which the three-strikes provision would not apply and for which the filing fee is $5.00. Since Petitioner's requests to convert this action to one brought under § 2241 are not successful, it remains a civil action seeking mandamus relief and Petitioner remains subject to the three-strikes provision and must pay the $402.00 filing fee for this case to proceed.

Petitioner has also filed a document entitled "Summons on a third-party . . . notice and motion objection to dismiss under Fed. R. Civ. P. Rule 12[b] for failure to state a claim; 'for a judgment.' [Rule 12.[a][1] on praecipe [*sic*]." (Doc. 29.) This document appears to ask the Clerk of Court to order service of process and directs the United States of America to serve on Petitioner a "2255 and 2254 answer or motion" or risk default judgment. *Id.* at 1. It also moves to dismiss "defendant's action," again complains that the Court should have filed Petitioner's § 2255 motions, asks the Court to "'reject' the Defendant[']s 'pre-trial order' with prejudice [*sic*],"[2] and seeks either judgment on the pleadings or summary judgment. *Id.* at 2-3. None of the relief requested in this document is appropriate at this time. Thus, this motion will be denied.

Finally, Petitioner's "praecipe for a summary judgment by the Court, without a jury" (Doc. 30) consists of copies of filings in this case and a proposed order for signature by the Clerk. The Court first notes that the proposed order includes statements that are not true, such as "[t]his action was tried by a United States Magistrate Judge without a Jury and the following decision was reached:" Petitioner's sentences are invalid, he has been granted immediate release, and he may "recover interlocutory injunction [*sic*]." (Doc. 30, p. 1.) There is no United States Magistrate Judge currently assigned to this action, nor has Petitioner been granted any relief. The case has not and will not proceed unless and until Petitioner pays the full filing fee of $402.00, which is due on September 11, 2023.

The processing of the 280 pages of documents Petitioner has filed since the Court issued its August 10, 2023 memorandum and order directing him to pay the full filing fee has unnecessarily consumed judicial resources. As a result and in light of Petitioner's history with this Court, Petitioner will be directed to show good cause why the Court should not impose filing

---

[2] No pretrial order has been issued in this case, nor has the Respondent filed anything herein.

restrictions on Petitioner.

The following factors are relevant to the determination of whether to impose filing restrictions:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*United States v. Kettler*, 934 F.2d 326 (Table) (10th Cir. 1991), 1991 WL 94457, at *6 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). Ultimately, the Court must determine "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.* (quoting *Safir*, 792 F.2d at 24).

Turning to the first factor, the Court's records reflect a long history of duplicative lawsuits and multiple unheeded warnings from this Court that Petitioner risked filing restrictions due to his litigation practices. Over the past 20 years, Petitioner has filed more than 25 petitions for federal habeas relief and more than 30 actions seeking relief under 42 U.S.C. § 1983. Of the federal habeas petitions, at least six[3] raised claims not properly brought in a federal habeas action and at least ten[4] were dismissed, at least in part, because the grounds within constituted unauthorized successive challenges under § 2254. As seen above, Petitioner continues to attempt to raise improper claims in federal habeas matters, including unauthorized successive § 2254 challenges.

Petitioner's filing in the instant action of motions duplicative to motions already denied

---

[3] *See Davis v. Davis*, Case No. 18-3188-SAC; *Davis v. Schnurr*, Case No. 18-3132-SAC; *Davis v. Heimgartner*, Case No. 17-3101-SAC; *Davis v. Heimgartner*, Case No. 16-3063-SAC; *Davis v. McKune*, Case No. 12-cv-3141-SAC; *Davis v. Cline, et al.*, Case No. 10-3132-SAC.

[4] *See Davis v. Schnurr*, Case No. 23-3124-JWL; *Davis v. Schnurr*, Case No. 23-3120; *Davis v. Schnurr*, Case No. 23-3118; *Davis v. Kansas, et al.*, Case No. 23-3084-JWL; *Davis v. Kobach*, Case No. 23-3052-JWL; *Davis v. Perkins*, Case No. 16-3078-SAC; *Davis v. Brownback*, Case No. 14-3144-SAC-DJW; *Davis v. McKune*, Case No. 12-3142-SAC; *Davis v. McKune, et al.*, Case No. 12-3117-SAC; *Davis v. Parkinson, et al.*, Case No. 10-cv-3136-SAC.

comes despite the Court's warning to Petitioner less than six months ago that

> "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). Petitioner's practice of filing documents that seek relief the Court has already held unavailable is approaching the level of abusive litigation. Petitioner is therefore cautioned that if he continues to file frivolous actions or motions with this Court, he may be subject to filing restrictions.

*Davis v. Kobach*, Case No. 23-3060-JWL, 2023 WL 2375111, *5 (D. Kan. Mar. 6, 2023) (unpublished).

Less than a year earlier, the Court advised Petitioner in yet another case that his repetitive filing of motions seeking relief that had already been denied could lead to filing restrictions and any such motions filed in that action in the future would be summarily denied. *See Davis v. Schnurr*, Case No. 20-3269, 2022 WL 2918245, *1 (D. Kan. Jul. 25, 2022) (unpublished). Similarly, in a July 2016 habeas action, the Court noted that Petitioner "is no stranger to the courts and yet continues to repeat claims that have previously been denied and include claims that are not properly litigated in a Section 2241 petition" and that "he also continues his improper practice of filling his petition with legalistic phrases and unexplained citations rather than clear, relevant grounds and facts showing that he is entitled to relief under Section 2241." *Davis v. Perkins*, Case No. 16-3078-SAC, 2016 WL 3855552, *3 (D. Kan. July 25, 2016) (unpublished).

Ten days prior to that, in another habeas action, the Court made similar remarks and noted that despite being previously advised not to do so, Petitioner raised in that § 2241 petition claims not properly brought in that action. *Davis v. Heimgartner*, Case No. 16-3063-SAC, 2016 WL 2855551, *3 (D. Kan. July 15, 2016) (unpublished). Moreover, Petitioner's "frivolous and abusive motion[s]" are referenced in a 2015 order in another case he brought to this Court. *See Davis v.*

*Brownback*, Case No. 14-3144-SAC-DJW, 2015 WL 12912369, *2 (D. Kan. Oct. 13, 2015) (unpublished).

Petitioner's abusive litigation tactics are not limited to federal habeas actions. With respect to civil actions, Petitioner has been subject to the three-strikes provision of 28 U.S.C. § 1915(g) since May 2007. *See Davis v. Bacon*, 234 Fed. Appx. 872, 874 (10th Cir. 2007) (unpublished) ("Because plaintiff has accrued three strikes, he will no longer be able to proceed in forma pauperis in any civil action or appeal filed in a federal court unless he 'is under imminent danger of serious physical injury.'"). Yet since that time, Petitioner has repeatedly filed civil actions in this Court without paying the filing fee and in which the complaints failed to allege imminent danger of serious physical injury. In at least 12[5] of those cases, the Court issued an order granting Petitioner time to pay the fee but Petitioner did not; the cases were eventually dismissed for failure to pay the fee. Thus, the Court concludes that Petitioner's history of litigation has included vexatious lawsuits.

The second factor—the litigant's motive in pursuing litigation—is a closer question. Petitioner has advised the Court that he "suffers 'Dementia,' irreversible deterioration of intellectual, [and] emotional distu[rb]ance, resulting from organic brain disorder." *See Davis. V. United States of America*, Case No. 22-3270-JWL-JPO, Doc. 1, p. 2. In light of this information, the Court will not conclude that Petitioner lacks the personal belief that he may prevail in each action and motion filed with this Court.

The relevant question, however, is whether there is "an *objective* good faith expectation of

---

[5]  *See Davis v. United States, et al.*, Case No. 22-3270-JWL-JPO; *Davis v. Zmuda, et al.*, Case No. 21-3247; *Davis v. Schnurr, et al.*, Case No. 21-3236; *Davis v. Schnurr, et al.*, Case No. 21-3205; *Davis v. Schnurr, et al.*, Case No. 18-3117-SAC; *Davis v. Coyler, et al.*, Case No. 18-3151-SAC; *Davis v. Schnurr*, Case No. 18-3005-SAC; *Davis v. U.S. Dist. Ct. for the Dist. of Kan.*, Case No. 11-cv-3135-SAC; *Davis v. Crow*, Case 9-3181-RDR; *Davis v. United States, et al.*, Case No. 09-3102-SAC; *Davis v. Kan. State Bd. of Ind. Def. Servs., et al.*, Case No. 09-3091-SAC; *Davis v. Rice, et al.*, Case No. 8-3063-SAC.

prevailing." *See Kettler*, 1991 WL 94457, at *6 (emphasis added). An individual "just can't possess an *objective* good faith expectation of prevailing on the claims asserted . . . when this court has dismissed these identical claims time and time again." *Farr v. United States Govt.*, 2023 WL 4286115, *8 (D. Kan. June 30, 2023) (unpublished). For example, there can be no objective good faith expectation of prevailing on a motion for leave to file a motion for relief under 28 U.S.C. § 2255 when the Court has previously explained multiple times that § 2255 relief is not available to Petitioner. Yet Petitioner continues to argue that § 2255 motions may provide relief from a state sentence.

As for the third factor, Petitioner has proceeded pro se in all of his actions in this Court and has not been represented by counsel. The fourth factor is satisfied because Petitioner has posed an unnecessary burden on the courts and their personnel by repeatedly filing pleadings and motions seeking relief he has previously been denied. As the United States Supreme Court has recognized:

> "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous requests for extraordinary writs does not promote that end."

*In re McDonald*, 489 U.S. 180, 184 (1989). Finally, the Court knows of no other sanction that would adequately protect it.

The Court finds that Petitioner is likely to continue to abuse the judicial process, and the enumerated factors strongly weigh in favor of imposing filing restrictions. Accordingly, the Court finds it necessary to impose filing restrictions to deter future frivolous motions and actions and to protect the Court and future defendants from having to expend needless time. Petitioner will be given an opportunity to show good cause why filing restrictions should not be imposed. Absent a showing of good cause, the following filing restrictions will be imposed:

Before Petitioner may submit future filings in existing civil or habeas actions or initiate a civil action or federal habeas action in the U.S. District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Petitioner or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with the Filing Restrictions Order, the Clerk shall not accept any pleading from Petitioner which purports to initiate a civil action or habeas action in this Court. If Petitioner, proceeding pro se, desires to file a new civil action or habeas action in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

a. A copy of the Filing Restrictions Order and any subsequent Order;

b. A copy of the proposed complaint or pleading;

c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties, including the case name and number of each case, and the current status or disposition of each;

d. A notarized affidavit certifying:

i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Petitioner shall mail or otherwise deliver his submissions to the Clerk of the Court, who

shall forward them to a judge of this Court for determination whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Petitioner attempts to file in this Court.

Petitioner is directed to show good cause why these filing restrictions should not be imposed. Failure to respond by the deadline or to show good cause will result in the entry of a filing restrictions order as set forth above.

**IT IS THEREFORE ORDERED** that Petitioner's motions (**Docs. 20, 21, 22, 23, 24, 25, 28, 29, 30, 31, and 32**) are **denied.** The full filing fee remains due September 11, 2023.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including October 10, 2023, in which to file a written response of no more than 10 pages in length showing good cause why filing restrictions should not be imposed as set forth in this Memorandum and Order.

**IT IS SO ORDERED.**

DATED:   This 8th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge