IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                      **Petitioner,**

      v.                                                                  **CASE NO. 23-3191-JWL**

UNITED STATES OF AMERICA,

                      **Respondent.**

### MEMORANDUM AND ORDER

This mandamus action comes before the Court on Petitioner's "Notice of a Premature Appeal," (Doc. 38) and his motion for leave to appeal in forma pauperis (Doc. 39). The Court notes that Petitioner has also filed additional motions, which will be addressed and resolved in a future order. Liberally construing the notice of premature appeal, as is appropriate since Petitioner proceeds pro se, the Court will treat it as a notice of interlocutory appeal from the Court's order issued September 8, 2023.[1]

Highly summarized, the Court's order of September 8, 2023 (1) denied 11 of Petitioner's pending motions[2] and (2) set forth Petitioner's history of abusive filing practices in this Court and

---

[1] The body of the notice states that it is a "petition for a writ of error coram nobis [Application=Denied] by United States of America, Respondent, Daniel L. Schnurr, Warden, Respondent, Kris W. Kobach, Attorney General Kansas, Respondent, hereby 'appeal' to [The United States Court of Appeals for the 'Tenth-Circuit.' From an order titled Memorandum and Order; Entered in this matter on the, 9th day of September 2023.]. . . [*sic*]" (Doc. 38, p. 1.) Petitioner has not filed a petition for writ of error coram nobis in this Court, and neither Warden Schnurr nor Attorney General Kobach are respondents in this action. However, the Court did issue an order on September 8, 2023; therefore, the Court liberally construes this pro se filing as a notice of interlocutory appeal from that order.

[2] The motions denied were: a motion for service, denied because Petitioner has not paid the filing fee in this matter; a motion that challenged the Court's prior holdings that Petitioner is not entitled to file motions in this Court seeking relief under 28 U.S.C. § 2255 because he is not under a federal sentence; a motion for this Court to file an objection in a federal criminal case, denied because Petitioner has no federal criminal case; a motion to appoint counsel, denied because it was substantively identical to two motions already denied in this matter; a "summons notice motion for objections transcript [*sic*]," denied because it was identical to a motion already denied in this matter; three motions seeking leave to convert this matter to one seeking habeas corpus relief under 28 U.S.C. § 2241, denied because the proposed § 2241 petitions failed to state a claim for which relief is available under § 2241; a motion for leave to

directed him to show cause why filing restrictions should not be imposed upon him. (Doc. 34.) The order granted Petitioner "to and including October 10, 2023, in which to file a written response of no more than 10 pages in length showing good cause why filing restrictions should not be imposed as set forth in this Memorandum and Order." *Id.* at 11. The Court notes that Petitioner filed a response (Doc. 37) at the same time he filed his notice of interlocutory appeal and various other documents, but the Court has not yet ruled on the issue of filing restrictions. In addition, the notice of interlocutory appeal now before the Court does not refer to or identify any of the 11 motions denied in the September 8, 2023 order as the subject of the interlocutory appeal.

The Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *See Surat v. Klamser*, 52 F. 4th 1261, 1269 (10th Cir. 2022) (citing 28 U.S.C. § 1291); *see also Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (same). A "final decision" is "'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1033 (10th Cir. 2022) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Interlocutory appeals, which appeal an order that is not a final decision, "are the exception, not the rule." *Id.*; *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so."). Because the Court's order of September 8, 2023 was not a final decision, any appeal from that order is an interlocutory appeal.

An interlocutory appeal must be evaluated under 28 U.S.C. § 1292, which provides for

---

proceed in forma pauperis as a habeas petition, denied because the Court denied the motions to convert this mandamus action to a habeas action; a motion seeking service, an order directing an answer, rejection of a non-existent order purportedly filed by defendants, and judgment on the pleadings or summary judgment, denied because none of the requested relief is appropriate at this time; and a motion for summary judgment, which was denied because it sought relief not available at this point in the proceedings. (*See* Doc. 34, p. 1-5.)

appeals from interlocutory decisions in very limited circumstances, none of which are applicable here. In order for this interlocutory appeal to proceed, therefore, this Court must certify it under 28 U.S.C. § 1292(b). *See Larson-White*, 2008 WL 5427783, at *1. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order issued on September 8, 2023 could materially advance the ultimate resolution of this matter. The Court's order and the rulings therein do not involve a controlling question of law as to which there is substantial ground for difference of opinion. Rather, the order denied multiple motions and directed Petitioner to show cause why filing restrictions should not be imposed, an issue that this Court has not yet resolved. Therefore, the Court declines to order certification of this case for interlocutory appeal. The Court further declines to stay these proceedings in the district court while the Tenth Circuit considers Petitioner's application for interlocutory appeal.

Petitioner has also filed a motion for leave to appeal in forma pauperis. (Doc. 39.) The Court denied Petitioner leave to proceed in forma pauperis at the district court level and Petitioner has not satisfied the district court filing fee prerequisite. As a three-strikes litigant, he is likewise not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger arising from the allegations raised in his complaint or this appeal. The Court finds that Petitioner has not shown imminent danger as set forth in the Court's Order at Doc. 4.[3]  Therefore, the Court also denies Petitioner leave to appeal in forma pauperis. Section 1915(g) prohibits a three-strikes prisoner from bringing a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because Petitioner has not shown that he meets the only exception set forth in § 1915(g), the Court denies leave to appeal in forma pauperis.

**IT IS THEREFORE ORDERED** that the Court declines to certify Petitioner's interlocutory appeal (Doc. 38). The Court further declines to stay these proceedings in the district court while the Tenth Circuit considers Petitioner's application for interlocutory appeal.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to appeal in forma pauperis (Doc. 39) is **denied.**

**IT IS SO ORDERED.**

DATED:   This 18th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum  
JOHN W. LUNGSTRUM  
United States District Judge

---

[3] In so concluding, the Court has considered Petitioner's allegations in his pending motion for temporary restraining order that he is at risk of future suffering and irreparable constitutional injury if the Court does not act on Petitioner's claims of prison officials interfering with Petitioner's mail, his ability to e-file documents with this Court, and his inmate financial accounts. (*See* Doc. 35.) Even liberally construed, these allegations do not assert that Petitioner is under imminent danger of serious physical injury.