IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                            Petitioner,

      v.                                                                                     CASE NO. 23-3191-JWL

UNITED STATES OF AMERICA,

                            Respondent.

**MEMORANDUM AND ORDER**

This mandamus action comes before the Court on Petitioner's latest filings, which the Court has carefully reviewed and liberally construed, as is appropriate since Petitioner proceeds pro se.[1] For the reasons set forth below, Petitioner's motion for temporary restraining order (Doc. 35) and motion for reconsideration (Doc. 36) will be denied.

**Motion for Temporary Restraining Order (Doc. 35)**

Liberally construing this pro se document, which is titled "Rule 65[b][A] Notice Temporary Restraining Order [*sic*]," Petitioner declares that certain individuals are enjoined from racketeering, embezzling, and otherwise interfering with Petitioner's ability to e-file documents with this Court, his mail, and his inmate financial accounts. (Doc. 35, p. 1.) Petitioner also alleges that he is at risk of future suffering and irreparable constitutional injury if the Court does not act now, without giving the Respondent a chance to respond. *Id.* at 2.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders. There is no subsection (b)(A), but subsection (b)(1)(A)-(B) allows federal district courts to issue a temporary

---

[1] The Court has construed one of the documents (Doc. 37) it has received as a response to its September 8, 2023 order to show cause why filing restrictions should not be imposed upon Petitioner, but the Court reserves ruling on that issue until a later date.

1

restraining order without notice to the adverse party if

> specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Even if Petitioner had met the requirements in subsection (b)(1)(A) and (B), however, subsection (d)(2) of Rule 65 identifies who can be bound by an injunction or restraining order: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." The sole named Respondent in this mandamus action is the United States of America. (Doc. 1, p. 1.) The individuals Petitioner seeks to enjoin or restrain are not defendants in this matter; they are not officers, agents, servants, employees, or attorneys of the United States; and they are not persons in active concert or participation with the United States or its officers, agents, servants, employees, or attorneys. Thus, Rule 65 does not give this Court the authority to restrain them. *See Grissom v. Palm*, 2020 WL 1862570, *1 (D. Kan. April 14, 2020) (collecting cases that recognize lack of jurisdiction to enter injunction under Rule 65 when the requirements of subsection (d)(2) are not met). Accordingly, the motion for temporary restraining order will be denied.

Submitted for filing with the motion for temporary restraining order were (1) a document titled "Form [Fed. R. Civ. P. 81] cite. Notice of Method of Appeal from Magistrate Judge to District Judge Under Title 28 U.S.C.A. 636[c][4]. Fed R. Civ. P. 74 [*sic*]" (Doc. 36-1); (2) a document titled "Form [Fed. R. Civ. P. 82.] cite. Notice for a Judgment of the District Judge on Appeal [*sic*]" (Doc. 36-2); and (3) a notice (Doc. 36-3), all of which appear based on Petitioner's erroneous belief that a United States Magistrate Judge has entered orders in this matter. To the extent that any of these filings can be liberally construed to seek relief, they are denied. As has been previously explained to Petitioner, "[t]here is no United States Magistrate Judge currently

assigned to this action." (*See* Doc. 34, p. 5.) Petitioner's belief that the appearance of the letters "jal" on certain docket entries for this matter indicates involvement by a magistrate judge is incorrect. Put simply, no magistrate judge has entered orders in this matter, so there is no order by a magistrate judge order in this matter to appeal to a district judge.

Petitioner also submitted a "Notice, Complaint for the Conversion of His Property. Form 15. [*sic*]" (Doc. 35-3.) This document alleges that on or around June 1, 2023, Petitioner's personal property was converted to the use of Daniel L. Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined. *Id.* Asserting that the property is worth $3,000.00, Petitioner demands monetary compensation in excess of $75,000.00. *Id.* Liberally construed, this appears to be an attempt to add a claim for relief to this action. Such an attempt is improper, as Petitioner has not paid the full filing fee and this matter will not proceed until and unless he does. In addition, this claim does not make the required showing that would allow Petitioner to proceed without prepayment of the filing fee.

Petitioner also submitted a "Writ of Execution Judgment on a United States Magistrate Judge's Verdict Form 70. [*sic*]," (Doc. 35-4), which is a proposed order stating that a United States Magistrate Judge has tried the action, rendered a verdict, and orders that Petitioner recovers from Warden Schnurr an amount in excess of $75,000.000 and costs. As with Petitioner's previously filed proposed order (*see* Doc. 30, p. 1), the statements in this proposed order are without factual basis and the Court declines to issue the proposed order. (*See* Doc. 34, p. 5.) Finally, Petitioner submitted a "Praecipe: Writ of Execution of Judgment and Service of Process [*sic*]," (Doc. 35-5), which, liberally construed, directs the Clerk of the Court to execute judgment in Petitioner's favor against Warden Schnurr and the State of Kansas. No judgment has been entered in this case and neither Warden Schnurr nor the State of Kansas is a party to this mandamus action.

**Motion for Reconsideration (Doc. 36)**

On September 17, 2023, Petitioner filed a "Pro Se Request Leave to File for Relief from Judge/ORDER: [*sic*]," also titled "Notice and Motion for Relief from Respondent's Memorandum and Order for Leave to File [Fed. R. Civ. P. 60[a].] [*sic*]." (Doc. 36.) Although the motion is not easily understood, it appears to be a motion for reconsideration of the Court's memorandum and order of September 8, 2023. That order denied several of Petitioner's motions and directed him to show cause why filing restrictions should not be imposed upon him. The grounds for relief in the current motion for reconsideration, however, are unintelligible. Petitioner states:

> In pais estoppel movant moves to a United States 3 panel district-judges. For "a determination" whether this response, affidavit, notice of premature appeal, notice entry of appearance, and corporate disclosure statement, application to proceed on "appeal" 28 U.S.C. 1917, lack in merit, duplicative, frivolous, or malicious, Condends, to [prevent – a fundamental miscarriage of justice] is the Constitutional reason for [Sup. Ct. R. 36.] should a "three panel District Judges" of the United States [debate] whether these "filing-restrictions" should or should not be imposed . . . Reasonablely in good-cause this court shall order, Movant prays for modifications or an independent [order] "respecting custody," enlargement, or "surety liability" shall enter . . . [Reason why these particular partial-filing-restriction's on "pro se." should NOT be imposed: Rule 60.[b], APPEARANCES OF FRAUD, id., "unsentenced." See, e.g., Sanders v. United States, 373 U.S. 1.22 [1963] cited.

(Doc. 36, p. 1-2 (capitalization somewhat normalized, all other errors in original).)

In an attempt to understand Petitioner's argument, the Court has reviewed *Sanders*, a 1963 United States Supreme Court decision regarding "the standards which should guide a federal court in deciding whether to grant a hearing on a motion of a federal prisoner under 28 U.S.C. [§] 2255." 373 U.S. at 3. As this Court has informed Petitioner, he is not a federal prisoner, he is not under a federal sentence, and relief is not available to him under 28 U.S.C. § 2255. The Court sees nothing in *Sanders* that applies or is relevant to this matter or a request for reconsideration of the Court's September 8, 2023 memorandum and order. Similarly, the Court has reviewed Rule 36 of the Rules

of the Supreme Court of the United States and 28 U.S.C. § 1917 and finds nothing relevant therein. In addition, to the extent that Petitioner seeks review by a three-judge panel, he has failed to provide any legal authority that supports his request.

Federal Rule of Civil Procedure 60(a), which Petitioner cites, authorizes the Court to

"correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."

But even putting aside the effect of Petitioner's currently docketed and pending interlocutory appeal on any Rule 60(a) motion, Petitioner does not identify in his current motion for reconsideration any mistake, clerical or otherwise, in the Court's September 8, 2023 memorandum and order. Local Rule 7.3 also provides guidelines on motions to reconsider, but Petitioner has not alleged "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice," as required for relief under that rule. *See* D. Kan. LR 7.3. In short, although the motion appears to ask for reconsideration, it does not identify the reasons Petitioner believes reconsideration is justified. Thus, the motion will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions (**Docs. 35 and 36**) are **denied.**

**IT IS SO ORDERED.**

DATED:   This 20th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge