IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                           Petitioner,

v.                                                  CASE NO. 23-3191-JWL

UNITED STATES OF AMERICA,

                           Respondent.

**MEMORANDUM AND ORDER**

This action began on August 8, 2023, when Petitioner and state prisoner Anthony Leroy Davis filed a pro se petition for writ of mandamus. (Doc. 1.) Shortly thereafter, the Court issued an order noting Petitioner's status as a three-strikes litigant, further noting that the petition did not contain the allegations necessary for Petitioner to proceed in forma pauperis, and granting Petitioner to and including September 11, 2023 to submit the $402.00 filing fee. (Doc. 4.) Petitioner has not paid the filing fee and has instead filed more than 20 motions.

On September 8, 2023, the Court issued a memorandum and order denying 11 pending motions, setting forth Petitioner's history of abusive litigation in this Court, and directing Petitioner to show cause, in writing, on or before October 10, 2023, why filing restrictions should not be imposed upon him. (Doc. 34.) Petitioner's next filings included what the Court construed as a notice of interlocutory appeal of the September 8, 2023 memorandum and order (Doc. 38) and a motion for leave to proceed in forma pauperis in that interlocutory appeal (Doc. 39). On September 18, 2023, the Court issued a memorandum and order declining to certify the interlocutory appeal, declining to stay these proceedings in the district court during the interlocutory appeal, and denying leave to proceed in forma pauperis in the interlocutory appeal.

1

(Doc. 41.) The appeal has been docketed in the Tenth Circuit and assigned Appeal No. 22-3159. (Doc. 42.)

The matter comes now before this Court on Petitioner's latest filings, which include a notice of appeal from the memorandum and order issued September 18, 2023. (Doc. 48.) The Court notes that Petitioner has also filed additional motions, which will be addressed and resolved in a future order. Liberally construing the notice of appeal, as is appropriate since Petitioner proceeds pro se, the Court will treat it as a notice of interlocutory appeal from the Court's order issued September 18, 2023.

As previously explained to Petitioner in the order he now seeks to appeal, the Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *See Surat v. Klamser*, 52 F. 4th 1261, 1269 (10th Cir. 2022) (citing 28 U.S.C. § 1291); *see also Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (same). A "final decision" is "'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1033 (10th Cir. 2022) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945). Because the Court's order of September 18, 2023 was not a final decision, any appeal from that order is an interlocutory appeal.

An interlocutory appeal must be evaluated under 28 U.S.C. § 1292, which provides for appeals from interlocutory decisions in very limited circumstances, none of which are applicable here. In order for this interlocutory appeal to proceed, therefore, this Court must certify it under 28 U.S.C. § 1292(b). *See Larson-White*, 2008 WL 5427783, at *1. Certification of interlocutory appeals is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the

action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive order issued on September 18, 2023 could materially advance the ultimate resolution of this matter. The Court's order and the rulings therein do not involve a controlling question of law as to which there is substantial ground for difference of opinion. Rather, the order declined to certify the interlocutory appeal of a non-final order, declined to stay the proceedings in this Court during the interlocutory appeal, and denied leave to proceed in forma pauperis during that interlocutory appeal. Therefore, the Court declines to order certification of this case for interlocutory appeal. The Court further declines to stay these proceedings in the district court while the Tenth Circuit considers Petitioner's most recent application for interlocutory appeal.

With his notice of interlocutory appeal, Petitioner filed a document entitled "Notice Allow [*sic*] of Petition for Appeal Section 1917 of Title 28," in which he advises the Court that on September 20, 2023, he requested payment to this Court from his inmate forced savings account of $5.00, apparently for payment of the filing fee related to his most recent notice of interlocutory appeal. (Doc. 48-1.) As the Court has repeatedly explained to Petitioner, this action is not a federal habeas action and his requests to so convert it have been denied. (See Docs. 8, 15, 34.)

Moreover, as a three-strikes litigant, Petitioner is likewise not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger arising from the allegations raised in his complaint or this appeal. The Court finds that Petitioner has not shown imminent danger as set forth in the Court's Order at Doc. 4.[1] Therefore, the Court also finds that Petitioner

---

[1] In so concluding, the Court has considered Petitioner's allegations in his pending motion for temporary restraining order that he is at risk of future suffering and irreparable constitutional injury if the Court does not act on Petitioner's

3

is currently ineligible to appeal in forma pauperis. *See* 28 U.S.C. § 1915(g); (Doc. 41).

**IT IS THEREFORE ORDERED** that the Court declines to certify Petitioner's interlocutory appeal (Doc. 48) of its September 18, 2023 memorandum and order. The Court further declines to stay these proceedings in the district court while the Tenth Circuit considers Petitioner's most recent application for interlocutory appeal.

**IT IS SO ORDERED.**

DATED:   This 22nd day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

---

claims of prison officials interfering with Petitioner's mail, his ability to e-file documents with this Court, and his inmate financial accounts. (*See* Doc. 35.) Even liberally construed, these allegations do not assert that Petitioner is under imminent danger of serious physical injury.