IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                          Petitioner,

      v.                                                                        CASE NO. 23-3191-JWL

UNITED STATES OF AMERICA,

                          Respondent.

**MEMORANDUM AND ORDER**

This mandamus action comes before the Court on Petitioner's motion to disqualify the undersigned.[1] (Doc. 56.) In his motion, Petitioner "demands that this matter shall be set for a formal-decree in the manner the statute of the United States contemplates [*sic*]." *Id.* at 1. He summarily cites to 28 U.S.C. § 454, which provides that "[a]ny justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor," and his Sixth Amendment right to access the courts. *Id.* at 2. Petitioner seeks an order disqualifying the undersigned and directing that this matter be reassigned to the chief judge of the Court of International Trade for designation to be heard by a three-judge panel. *Id.* at 1-2.

Petitioner has not articulated the basis for his apparent belief that he is being denied access to the courts in violation of the Sixth Amendment.[2] Moreover, the undersigned has not engaged in the practice of law, so 28 U.S.C. § 454 is inapplicable.[3] There are two statutes governing judicial

---

[1] The Court notes that Petitioner has other motions pending (Docs. 44, 45, 46, 52, and 55), on which it reserves ruling at this time. Those motions will be resolved in a future order.

[2] As Petitioner is aware, the Court has directed him to show cause why filing restrictions should not be imposed upon him. To the extent that Petitioner believes such restrictions should not be imposed because they would unconstitutionally limit his access to courts, he should include that argument not in a motion but in a filing clearly captioned as a response to the Court's memorandum and order of September 8, 2023.

[3] The Court's independent research has found no instance in which the Tenth Circuit addressed the meaning of "the practice of law" in this statutory context, but as the Eleventh Circuit noted in an unpublished opinion:

recusal or disqualification, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). Under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). The facts alleged will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Petitioner has not filed an affidavit in support of his motion, nor does he allege any facts in his motion that show bias or prejudice. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Petitioner does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair

---

Congress did not explicitly define the term "practice of law" as used in § 454, but the plain meaning of that term encompasses the "professional work of a lawyer," such as advising clients on legal issues, representing clients in litigation, and drafting legal documents. *See* Black's Law Dictionary 1362 (10th ed. 2014); 28 U.S.C. § 451.

*U.S. v. Hamilton*, 2021 WL 6137875, *1 (11th Cir. Dec. 29, 2021) (unpublished). *See also U.S. v. Williams*, 2017 WL 11428141, *2 (M.D. Ga. May 3, 2017) (unpublished order) ("Issuing judicial orders pursuant to constitutional and statutory duty is significantly different from engaging in legal advocacy. [By issuing judicial orders, t]he Court has not 'engage[d] in the practice of law' as contemplated by 28 U.S.C. § 454.")

judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty.*

*of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

Petitioner's motion to disqualify does not allege any personal bias or prejudice by the undersigned, nor does it explain why a reasonable person, knowing all the relevant facts, would harbor doubts about the undersigned's impartiality. Petitioner has not articulated any action by the undersigned that could lead to the appearance of bias. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal or disqualification, the motion to disqualify will be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to disqualify (Doc. 56) is **denied.**

**IT IS SO ORDERED.**

DATED:   This 27th day of September, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4