IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                                          **Petitioner,**

        v.                                                              CASE NO. 23-3191-JWL

UNITED STATES OF AMERICA,

                                          **Respondent.**

## MEMORANDUM AND ORDER
## IMPOSING FILING RESTRICTIONS

On September 8, 2023, the Court entered a memorandum and order (M&O) in this matter directing Petitioner and state prisoner Anthony Leroy Davis to show good cause on or before October 10, 2023, why filing restrictions should not be imposed upon him. (Doc. 34.) On September 17 and October 6, 2023, Petitioner filed what appear to be responses to the M&O. (Docs. 37 and 63.) The Court has carefully reviewed the additional 19 filings by Petitioner in this matter since September 8, 2023 and finds that even when they are liberally construed, they do not address the propriety of filing restrictions. (Docs. 35-39, 44-48, 52, 54-56, 58-62, and 64.) Thus, those filings will be addressed and ruled on in a separate order entered in this matter. In this order, the Court will address only whether filing restrictions should be imposed upon Petitioner.

Turning to Petitioner's responses to the M&O, on September 17, 2023, the Court received from Petitioner a document titled "Respond to Memorandum in Error and Order Answered [*sic*]," which began: "Now comes Petitioner and for his response to the respondents directions – to 'show good cause' why these filing alleged restrictions herein should not be imposed. State-As Follows: A nullity [*sic*]." (Doc. 37, p. 1.) Thus, it appears that the document was intended as a

1

response to the M&O and the Court will consider it as such. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013) (holding that courts must liberally construe pro se pleadings).

Therein, Petitioner asserts that the Respondent in this matter seeks dismissal and that Respondent's answer in this matter is based upon the incorrect premise that federal habeas rules do not apply here. (Doc. 37, p. 1.) Petitioner argues that he is being unconstitutionally detained because the state court lacked jurisdiction to convict and sentence him in the late 1980's—a challenge that is more properly brought in a habeas action—and he contends that this Court has misapplied the "three strikes" provision that requires Petitioner to prepay the filing fee of this mandamus action in full. *Id.* at 2. Petitioner concludes by asserting that Respondent's arguments are contrary to the United States Supreme Court's holdings in *Wainwright v. Sykes*, 433 U.S. 72, 97 (1977), and *Murray v. Carrier*, 477 U.S. 486, 495-96 (1986). *Id.* at 2-3. Finally, Petitioner advises that he has no objection to the State seeking an additional 20 days in which to file an answer, and he asks the Court to strike its September 8, 2023 M&O. *Id.* at 3.

Contrary to the assertions in this response to the M&O, Respondent has not filed anything in this matter, nor has Respondent been ordered to answer or otherwise respond to the mandamus petition. Moreover, as the Court has repeatedly explained to Petitioner, this is not a federal habeas action; thus, the rules governing federal habeas actions do not apply. Finally, the Court has carefully reviewed *Wainwright* and *Murray* and finds nothing in those opinions relevant to the question of filing restrictions.

The October 6, 2023 response is titled "Notice and Motion to Respond Pleading to Memorandum and Order of the Court by October 10th 2023 for a Summary Judgment. [*sic*]" (Doc. 63.) Therein, Petitioner asserts:

1. On the <u>pretense</u>, Petitioner filed the Court's "Mandamus Actions:" Is a fraud whether called intrinsis or extrinsic, misrepresentation, or misconduct by

> [Respondents parties] in violation of Rule 60.[b], for a "decree nisi" order to respondent, null and void September 8th 2023. Court's memorandum and order of fraud. Doc. Text #1. "Petition for writ of habeas corpus filed by Petitioner Anthony Leroy Davis, 28 U.S.C. 2241[a]. Exhibits Attached:" !
>
> 2. Petitioner contends that "any filing restriction in this matter has" failed to state a claim upon which this Court's relief can be granted: IS
>
> 3. A nulity imposed bias upon Petitioner pro se would unconstitutionally deprive him of <u>his</u> right to access the courts:

*Id.* at p. 1-2 (capitalization normalized; all other errors in original).

Liberally construed, it appears that Petitioner disagrees with the characterization of this matter as a mandamus action. Although it is unclear how the type of matter is relevant to the question of whether filing restrictions should be imposed upon Petitioner, the Court will explain why this action is a mandamus action. Petitioner's initial pleading, which began this case, was titled "Ex Parte Motion for Leave to File Pro Se Application Writ of Mandamus and Prohibition." (Doc. 1.) It began by stating: "Now comes Anthony Davis, applicant pro. se., and ask this <u>Court</u> to issue a writ of mandamus and prohibition . . . ." *Id.* at 1 (capitalization normalized; all other errors in original). This is a mandamus action because the initial pleading clearly seeks a writ of mandamus.

More obviously related to the topic of filing restrictions, Petitioner argues that filing restrictions have "failed to state a claim upon which this Court's relief can be granted" and imposing filing restrictions upon him would violate his Constitutional right to access the courts. (Doc. 63, p. 2.) As the Tenth Circuit has explained:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be

> imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. Oct. 15, 2013) (unpublished order), *cert. denied* Jan. 27, 2014.

As set forth in the M&O, Petitioner has a lengthy history of abusive litigation that involves repeatedly bringing claims that are, at best, frivolous. (*See* Doc. 34, p. 1-8.) In addition, since the Court issued the M&O on September 8, 2023, Petitioner has filed over 80 additional pages of documents in this matter that do not relate to the filing restrictions or to payment of the filing fee, which are the only two issues at hand in this matter. (*See* Docs. 35, 44-47, 52, 54-56, 58-62, and 64.) Those documents are difficult to comprehend, cite inapplicable legal authority, and seek action by this Court for which there is no legal basis.

Moreover, on October 4, 2023, Petitioner filed two additional habeas actions pursuant to 28 U.S.C. § 2241 that challenge his state-court convictions and sentences, despite the Court having previously and repeatedly explained to Petitioner that § 2241 is not an appropriate avenue for challenging the validity of a state court conviction or sentence. *See Davis v. Schnurr*, Case No. 23-3221-JWL; *Davis v. Schnurr*, Case No. 23-322-JWL. Thus, both in this matter and in other matters, Petitioner has continued to abuse the judicial process and waste judicial resources. The Court therefore remains convinced that filing restrictions are warranted.

Despite Petitioner's assertion, the proposed filing restrictions detailed in the Court's

4

September 8, 2023 M&O would not unconstitutionally deny Petitioner access to the courts. Rather, they are tailored to help the Court curb Petitioner's abusive practice of repeatedly seeking from this Court relief that he has been consistently informed is unavailable to him. Petitioner has been given notice that the Court was considering imposing filing restrictions and he has been given time to show cause why such restrictions should not be imposed upon him. That time has now expired and Petitioner has failed to show good cause why he should not be subject to filing restrictions.

**IT IS THEREFORE ORDERED** that before Anthony Leroy Davis may submit any future filings in existing cases, initiate a civil action in the United States District Court for the District of Kansas, or initiate a habeas action in the United States District Court for the District of Kansas, he must comply with the following injunction:

1. With the exception of a proper motion for relief from an order under Fed. R. Civ. P. 60, the Clerk shall not accept or file any pro se submissions, filings, pleadings, or other documents by Petitioner or on his behalf, regardless of the payment of a filing fee, without the express authorization of a judge of this Court.

2. Except in compliance with the Filing Restrictions Order, the Clerk shall not accept any pleading from Petitioner which purports to initiate a civil action or habeas action in this Court. If Petitioner, proceeding pro se, desires to file a new civil action or habeas action in the District of Kansas, he shall file a petition with the Clerk requesting leave to file a complaint or other pleading that includes:

    a. A copy of the Filing Restrictions Order and any subsequent Order;

    b. A copy of the proposed complaint or pleading;

    c. A list of all other lawsuits or other matters currently pending or previously filed with this Court or any other court, involving the same or similar claims or parties,

including the case name and number of each case, and the current status or disposition of each;

d. A notarized affidavit certifying:

i. The claims have not been previously asserted and/or do not involve issues previously litigated and resolved; and

ii. That the claims are not frivolous, malicious, or made in bad faith.

3. Petitioner shall deliver his submissions to the Clerk of the Court, who shall forward them to a judge of this Court for determination of whether the complaint or pleading is lacking in merit, duplicative, frivolous, or malicious. The Court will either allow the filing or issue an Order denying it. Failure to follow these procedures will result in rejection of any future case Petitioner attempts to file in this Court.

**IT IS SO ORDERED.**

DATED:   This 11th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge