## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

**Petitioner,**

**v.**                                                          **CASE NO. 23-3191-JWL**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM AND ORDER

This mandamus action comes before the Court on multiple motions and other documents filed by Petitioner, which the Court has carefully reviewed and liberally construed, as is appropriate since Petitioner proceeds pro se. Despite the number of filings by Petitioner and resulting orders by this Court, the resolution of this matter boils down to the question of the filing fee. As explained in the Court's memorandum and order of August 10, 2023:

> Petitioner has neither filed a motion to proceed without prepayment of fees nor paid the statutorily required filing fee.
>
> Petitioner is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g) because court records fully establish that he "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, Petitioner may proceed without prepayment of fees only if he establishes that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (establishing rules for person with three strikes to "bring a civil action under this section"); *see also Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("[P]etitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915").
>
> The Court has examined the documents filed by Petitioner in this matter and finds no showing that he is under imminent danger of serious physical injury.

---

[1] *See Davis v. Bacon*, 234 F. Appx. 872, 874 (10th Cir. 2007) (dismissing Plaintiff's appeal as frivolous and finding Plaintiff now has three qualifying strikes under 28 U.S.C. § 1915(g)).

> Rather, Petitioner wishes to challenge rulings this Court has made in previous cases and he wishes the Court to order the Clerk's Office to file the motions he submits seeking relief under 28 U.S.C. § 2255. Accordingly, pursuant to § 1915(g), Petitioner may not proceed in forma pauperis in this civil action. He is given time to pay the full $402.00[2] district court filing fee to the Court. If he fails to pay the full fee within the prescribed time, this matter will be dismissed without further prior notice to Petitioner based upon his failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

(Doc. 4.)

The memorandum and order gave Petitioner to and including September 11, 2023 to submit the filing fee and warned him that "[t]he failure to submit the fee on or before that date will result in the dismissal of this matter without prejudice and without additional prior notice." *Id.* The deadline has long since passed and Petitioner has failed to submit the filing fee. The Court could simply dismiss this action for failure to comply with the memorandum and order and deny the pending motions as moot. But in an effort to ensure that Petitioner has not in one of his filings alleged that he is in imminent danger of serious physical injury, which would exempt him from the requirement that he pay the filing fee in full at this time, the Court has carefully reviewed all of Petitioner's filings, which will be addressed and ruled on below.

**Response (Doc. 37)**

On September 17, 2023, Petitioner submitted a document titled "Respond to Memorandum in Error and Order Answered [*sic*]," which largely addresses whether filing restrictions should be imposed upon him. (Doc. 37.) The document also, however, asserts that Petitioner is under imminent danger of serious physical injury. *Id.* at 2. Although it is difficult to understand, Petitioner refers to "the Constitutional injuries, of assault/battery, pugilsm dementia, diabetes, risk of stroke, heart-attack, coma, and eventual 'deaths,' because of [his] race." *Id.* (capitalization

---

[2] If a person is not granted leave to proceed under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

normalized, all other errors in original.)

These allegations, even liberally construed, do not establish imminent danger of serious physical injury, as is required for Petitioner to be excused from the requirement that he pay the filing fee in full before this matter may proceed. "To satisfy [28 U.S.C.] § 1915(g), a prisoner must present "specific, credible allegations of imminent danger of serious physical harm.'" *Johnson v. Little*, 852 Fed. Appx 369, 371 (10th Cir. 2021) (unpublished) (quoting *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001) (internal quotation marks omitted)). Petitioner has not done so and his general, conclusory allegations of medical conditions and harm do not satisfy § 1915(g). To the extent that the response can be liberally construed to assert that the three-strikes rule does not apply to Petitioner in this matter because this is a federal habeas action, the Court has previously explained to Petitioner that this is a mandamus action, not a habeas action, and that petitions for writ of mandamus are subject to § 1915(g). (*See* Doc. 4.)

**Motion for Three Judge Trial (Doc. 44)**

On September 22, 2023, Petitioner submitted this document, which is captioned for filing in "The United States District Court for the Court of Internation Trade 96th District of Kansas [*sic*]," and which asks the Chief Judge of the Court of International Trade to assign a three-judge panel to hear this matter. (Doc. 44, p. 1.) Citing 28 U.S.C. § 2255, the Emancipation Proclamation, and 28 U.S.C. § 2403, Petitioner asserts his belief that he cannot receive a fair trial with the "judges" currently assigned to this matter. *Id.* He asks that this matter be "reassigned" to the Court of International Trade and that it be set for a formal hearing. *Id.* at 1-2. This motion will be denied because none of the legal authority Petitioner cites supports his request for reassignment to the Court of International Trade, nor does anything in the motion reflect that such a reassignment or transfer is justified.

**Motion to Appoint Counsel (Doc. 45)**

The same day, Petitioner filed a motion for appointment of counsel, also directed to the Chief Judge of the Court of International Trade. To the extent that it can be liberally construed to seek relief in this Court, the motion appears to seek the appointment of counsel, based on Petitioner's inability to afford counsel, this Court's denial of his request to proceed in forma pauperis, the complex nature of the issues in this matter, the assertion that the nature of a trial in this matter requires counsel, and Petitioner's repeated but unsuccessful attempts to obtain counsel. (Doc. 45, p. 1-2.) This motion will be denied for the same reasons Petitioner's previous three motions to appoint counsel in this matter (Docs. 2, 12, and 23) were denied. (*See* Doc. 4.)

**Motion for Judgment (Doc. 46)**

Petitioner also filed on September 22, 2023 a document titled "Precedes Decree Nisi [Notice and Motion Court Rule <u>60</u>. And Demand for Judgment Rule <u>50</u>.] Fed. R. Civ. P. 60[b] Error Coram Nobis: [*sic*]"; it appears to seek the entry of a judgment or issuance of a writ declaring invalid Petitioner's state criminal conviction and/or sentence from the late 1980's. (Doc. 46.) This motion will be denied because, as repeatedly explained to Petitioner, such a challenge is unavailable to Petitioner unless he first obtains leave from the Tenth Circuit to file a second or successive habeas corpus petition under 28 U.S.C. § 2254. (*See, e.g.*, Doc. 34, p. 3.)

**"Rule 50[b] Notice of Alternative Motion for a New Trial" (Doc. 47)**

The Court will take no action on this filing, which was also submitted on September 22, 2023, because it purports to inform the Court that under Federal Rule of Civil Procedure 50(b), if the Court does not grant a motion for judgment as a matter of law, it will be deemed to have submitted the action to the jury. (Doc. 47, p. 1.) Federal Rule of Civil Procedure 50 applies when a jury trial has occurred or is occurring. *See* Fed. R. Civ. P. 50. Thus, it is inapplicable here, where

there is not and has not been a jury trial.

**Motion for Orders (Doc. 52)**

Petitioner's September 24, 2023 submission to the Court contains multiple documents. The first is titled "Show – Cause Notice of a Motion Objecting: Federal Rule Civil Procedure 51[a] Order Decree Nisi:  Operative [*sic*]." (Doc. 52, p. 1.) It appears to lodge an objection to the "[a]dvisor's opinion" of September 18, 2023 and also to identify instructions it wishes the Court to give. *Id.* Petitioner asserts that on September 11, 2023, he filed a petition for writ of habeas corpus. The Court notes that it did not receive a petition for writ of habeas corpus in this matter on that date and, as already explained, it has denied Petitioner's previous attempts to convert this matter to a federal habeas action. (*See* Doc. 34.)

To the extent that Petitioner appears to seek relief or action under Federal Rule of Civil Procedure 51 (Doc. 52, p. 1), that rule is inapplicable here because it addresses jury instructions and there is no jury in this matter. Similarly, Petitioner's references to Federal Rule of Civil Procedure 52, *id.* at 2, are not persuasive since that rule is relevant to findings of fact and conclusions of law that occur outside the initial screening process. This case has not proceeded beyond the initial screening phase because Petitioner has not paid the required filing fee. The references in Rule 52 and in Petitioner's filings to an advisory jury are similarly irrelevant because an advisory jury has never been part of this matter.

 Next is a document titled "Show Cause Application Rule 13.[a][1][h] Counterclaim, etc., Notice of a Motion to Bring in a Third-Party: Rule 19.[a][1][A][B][2] [*sic*]," in which Petitioner seeks leave to join Warden Daniel L. Schnurr as a third-party defendant and to have him served. (Doc. 52, p. 4.) This request is inappropriate because Petitioner has not paid the filing fee in this matter and therefore, as repeatedly explained, this matter will not proceed. In addition, as the party

who initiated this action, Petitioner may not name a third-party defendant. The term "third-party defendant" applies to someone who is brought into a case when an originally named defendant "serve[s] a summons and complaint on a nonparty who is or may be liable to [the original defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1).

Finally, Petitioner has filed what appears to be a proposed order for the signature of the clerk of the Court. (Doc. 52-1.) Like Petitioner's previous proposed orders, this order asserts facts that are not true. (*See* Doc. 34, p. 5.) The Court will take no action on the proposed order.

**Notice of Voluntary Dismissal of Appeal (Doc. 54)**

This document, which is dated September 27, 2023, purports to give notice that Petitioner voluntarily dismisses the interlocutory appeal that was docketed in the Tenth Circuit on September 18, 2023. The Tenth Circuit dismissed both of Petitioner's interlocutory appeals related to this matter for lack of jurisdiction in an order filed on September 26, 2023. (Doc. 53.) Thus, the notice of voluntary dismissal is moot.

**Motion for Order (Doc. 55)**

Petitioner also filed on September 27, 2023 a document entitled "Notice of a Motion Objecting to the Court's Instructions to the 'Advisory Jury' Failure to Give Petitioner, Assigned Error Instruction. Rule 51[a][b][c][d] [*sic*]." (Doc. 55.) As noted above, an advisory jury has never been part of this matter, nor has the Court given instructions of the sort contemplated in Petitioner's motion. Thus, this motion will be denied.

**Notice and Application for a 'Stay' for Declaratory Decree (Doc. 58)**

On September 29, 2023, Petitioner filed a document titled "Petitioner's Notice and Application for a 'Stay' for Declaratory Decree Nisi Coram Nobis Proceedings to Enforce a Judgment Rule 60[b] cited. [Fed. R. Civ. P. 62[b] cited.] [*sic*]" (Doc. 58.) Liberally construed, this

6

document appears to request leave to again challenge his state-court convictions under 28 U.S.C.
§ 2254 and 2255.[3] To the extent that Petitioner meant to seek leave to proceed in this matter under
a federal habeas statute, the request is denied for the reasons already explained to Petitioner .(*See,
e.g.*, Docs. 4, 8, 15, and 34.)

**Notice of Constitutional Challenge to a Statute and Certification Intervention (Doc. 59)**

Also filed on September 29, 2023, this document asks "[w]hether [a] district judge's sua
sponte denial [of] Petitioner's motion to disqualify himself closing Petitioner's case for in-reprisal
requiring him to pay new filing fees would unconstitutionally deprive him of his right to access
the courts?" (Doc. 59, p. 1.) Petitioner then states that "28 U.S.C. 2241[d] do not include U.S.
Attorney, id. Daniel L. Schnurr [*sic*]," and cites two Kansas statutes. He directs the Clerk of the
Court to certify to the Attorney General of the United States that the constitutionality of 28 U.S.C.
§ 2241 is being challenged in this action and to similarly certify to the Kansas Attorney General
that this matter challenges "the fact of the constitutionality of a[] statute." Finally, Petitioner
declares that the State of Kansas shall intervene in this matter. *Id.* at 1-2. The Court will take no
action on this filing because the constitutionality of a federal or state statute is not at issue and the
Court did not act sua sponte when it denied Petitioner's motion to disqualify.[4]

**Motion for Order (Doc. 60)**

On October 6, 2023, Petitioner filed a document titled "Notice of a Motion for a Response
Pleading to the Court's Memorandum and Order." (Doc. 60 (capitalization normalized).) This

---

[3] Petitioner points out in this document that he is a pro se litigant, untrained in the law. The Court is aware of
Petitioner's pro se status and thus has liberally construed Petitioner's filings. Petitioner's "pro se status does not relieve
him of the obligation to comply with procedural rules," however. *See Murray v. City of Tahlequah, Okla.*, 312 F.3d
1196, 1199 n.3 (10th Cir. 2002).
[4] "Sua sponte" means "[w]ithout prompting or suggestion," or "on its own motion." Black's Law Dictionary (11th ed.
2019). The Court addressed disqualification because Petitioner filed a motion to disqualify. The motion was filed in
two cases in this Court because Petitioner wrote two case numbers on the motion. (*See* Docs. 56 and 57); *see also
Davis v. Schnurr*, Case No. 20-cv-3269, Docs. 67 and 69.

document "demands" that the Court join Warden Daniel L. Schnurr and Kansas Attorney General Kris W. Kobach to this action. *Id.* In support, Petitioner cites Federal Rule of Civil Procedure 19(a), which identifies parties who are required to be joined to an action if feasible. The Court liberally construes this motion as one seeking an order joining the identified individuals as respondents in this action. But Petitioner has not paid the filing fee for this matter, so it will not proceed. No additional parties need be joined under Rule 19. Thus, the motion will be denied.

**Motion for Order (Doc. 61)**

Also on October 6, 2023, Petitioner filed a second document, similarly titled "28 U.S.C. 2321[b]cited. Notice of a Motion for a Response Pleading to the Court's Memorandum and Order-Review." (Doc. 61 (capitalization normalized; all other errors in original).) Therein, he alleges that the undersigned has a personal bias or prejudice concerning Petitioner, has a "clear personal knowledge of this case's disputed evidentiary facts, and is acting in a "pudit-cabal [*sic*]." Petitioner asks the undersigned to disqualify himself, alleging that his impartiality may reasonably be questioned. *Id.* at 1. This request will be denied for the same reasons as stated in the denial of Petitioner's previous motion to disqualify, namely that Petitioner has not shown a reasonable factual basis for questioning the undersigned's impartiality. (*See* Doc. 57.)

**Motion to Strike (Doc. 62)**

Included in Petitioner's October 6, 2023 submissions was a document titled "Notice of a Motion for a Response Pleading to the Court's Memorandum and Order." (Doc. 62 (capitalization normalized).) Therein, Petitioner appears to challenge the Court's statement that Petitioner's initial pleading in this matter was a petition for writ of mandamus, a statement that Petitioner asserts was conclusory, ridiculous, clearly baseless, fantastic, delusional, irrational, and wholly incredible. *Id.* at 1. Petitioner insists that he filed a petition for a writ of habeas corpus and alleged facts therein

sufficient to allow a court to reasonably draw the inference that Petitioner is being illegally imprisoned. *Id.* at 1-2.

Petitioner's initial pleading, which began this action, was titled "Ex Parte Motion for Leave to File Pro Se Application Writ of Mandamus and Prohibition." (Doc. 1.) It began by stating: "Now comes Anthony Davis, applicant pro. se., and ask this <u>Court</u> to issue a writ of mandamus and prohibition . . . ." *Id.* at 1 (capitalization normalized; all other errors in original). This matter is a mandamus action because the initial pleading seeks a writ of mandamus. It is unclear what relief Petitioner seeks in this motion, but the Court concludes that even liberally construed, the motion does not articulate a persuasive argument for the Court to take any further action in this matter. Thus, the motion will be denied.

**Motion for Order (Doc. 64)**

The final document submitted to this Court in this matter on October 6, 2023 is titled "Praecipe for Service of Notice of Constitutional Question." (Doc. 64 (capitalization normalized).) Therein, Petitioner again challenges the Court's reference to this matter as a petition for writ of mandamus and he again directs the clerk of the Court to certify by service to the United States Attorney General, the United States Solicitor General, and the Kansas Attorney General that the constitutionality of 28 U.S.C. § 2241 is questioned in this matter. *Id.* at 1-3.

This document appears to largely repeat the requests made in a document filed by Petitioner on September 29, 2023 (*see* Doc. 59), which is discussed above. As with the September 29, 2023 motion, the Court will take no action on this filing because contrary to Petitioner's conclusory assertion, the constitutionality of a federal statute is not at issue in this matter. Despite Petitioner's flooding the Court with motions, notices, and other filings, the determinative issue in this case is whether Petitioner has sufficiently established that circumstances exist that exempt him from

prepaying the required filing fee to proceed in this matter.

**Conclusion**

      Even liberally construed, none of the documents discussed herein present a persuasive argument for action by the Court. In addition, none of the documents allege facts that establish Petitioner is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Thus, Petitioner has shown no justification for the Court to overlook his failure to pay the filing fee for this matter. The deadline to do so—September 11, 2023—has long since passed. Accordingly, this case will be dismissed without prejudice.

      **IT IS THEREFORE ORDERED** that Petitioner's motions (**Docs. 44, 45, 46, 52, 55, 60, 61, 62, and 64**) are **denied.**

      **IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice** for failure to pay the filing fee.

      **IT IS SO ORDERED.**

      DATED:   This 11th day of October, 2023, at Kansas City, Kansas.

                           S/ John W. Lungstrum
                           JOHN W. LUNGSTRUM
                           United States District Judge